**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS APPLEMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 24-cv-1421-JMY |
| EXPERIAN INFORMATION SOLUTIONS, | : | |
| INC. and AFFIRM, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>MEMORANDUM</u>**

**Younge, J.**                                                                                          **May 14, 2026**

This case arises from a dispute between Plaintiff Douglas Appleman ("Plaintiff") and Defendant Affirm, Inc. ("Defendant Affirm"), over Plaintiff's responsibility to pay a loan issued by Affirm, which negatively impacted Plaintiff's credit score. Plaintiff brings his claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, which imposes requirements for assuring that the information in consumer reports is accurate and fair. After the Parties were compelled to arbitrate their dispute, the arbitrator issued a final arbitration award, which Plaintiff now argues should be vacated. Currently before the Court is Plaintiff's Motion to Vacate Arbitration Award, ECF No. 34, and Defendant Affirm's Cross Motion to Confirm Arbitration Award, ECF No. 38, as well as the filings in support of and opposition to these motions, ECF Nos. 41, 43.[1] Plaintiff contends that vacatur of the final arbitration award is justified because the arbitrator misapprehended the undisputed record by impliedly resting her determination on the premise that Plaintiff had taken out two loans instead of one. However, Plaintiff's argument that

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

the arbitrator erred is insufficient to meet the high bar for vacating an arbitration award under the Federal Arbitration Act. For the reasons set forth in greater detail in this memorandum, Plaintiff's motion is denied, and Defendant Affirm's motion is granted.[2]

## I.    Background

### A.    *Circumstances Leading to Underlying Lawsuit*

The following is a summary of Plaintiff's account of the facts leading up to his lawsuit, which the Court provides for context only. *See* ECF No. 34 at 3–5. Plaintiff attempted to purchase a single cellphone through Visible, a Verizon subsidiary that partners with Defendant Affirm to offer financing to consumers. Prior to the loan being funded, Plaintiff cancelled the purchase with Visible. Plaintiff never received a phone and never activated service with Visible. Nevertheless, Defendant Affirm began sending Plaintiff monthly bills. Plaintiff worked for months to get Defendant Affirm to resolve the issue to no avail. Eventually, Defendant Affirm began taking action that impacted Plaintiff's credit. It did this by reporting Plaintiff as "past due" for payment to various credit reporting agencies ("CRAs"), including Defendant Experian. Plaintiff disputed Defendant Affirm's reporting, but Defendant Affirm declined to make any changes.

### B.    *Lawsuit Commences and is Sent to Arbitration*

On April 4, 2024, Plaintiff filed the present lawsuit, alleging that Defendant had failed to comply with its duties under the FCRA to conduct a procedurally reasonable investigation into the allegedly erroneous reporting. ECF No. 1. On September 13, 2024, the Court compelled the parties to arbitration. ECF No. 29. On October 23, 2024, Plaintiff filed his claim with the American Arbitration Association ("AAA"). After discovery, the arbitrator, Hon. Renee Cardwell Hughes

---

[2] The Court finds this Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).

(Ret.), requested and received two rounds of briefing on various questions presented regarding the FCRA and the facts of the case. *See* ECF Nos. 34-1–34-5.

### C.   Arbitrator Issues Final Award

On December 5, 2025, the arbitrator issued the final arbitration award. *See* ECF No. 34-6 ("Award"). The Award found that Plaintiff's "claim asserted in this arbitration fails to satisfy the requirements of the FCRA." Award at 2. Notably, the Award included findings which reference the existence of two separate phones and/or two separate loans. *See id.* at 3 ("While it is unclear when Claimant began to complain that the loan had not been canceled, it is clear that on August 7, 2023, Claimant was advised by Visible that he had purchased two phones and that only one purchase was canceled."; *id.* ("[A]n email exchange . . . makes clear that while one phone purchase was canceled, a second phone was not canceled."); *id.* ("It also ignores the fact that Visible advised Plaintiff that only one loan was canceled.").

## II.   Discussion

The sole issue before the Court is whether the arbitrator's reference to two separate cellphone purchases—when Plaintiff claims the undisputed record shows only one cellphone was purchased—proves that the arbitrator's determination was so contrary to the record before her that she "exceeded [her] powers, or so imperfectly executed them that a mutual, final, and definite award . . . was not made." 9 U.S.C. § 10(a)(4). Concluding that this standard has not been met, the Court confirms the Award.

### A.   Applicable Law

The Federal Arbitration Act ("FAA") supplies mechanisms for courts to confirm, vacate, modify, or correct arbitration awards. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (citing 9 U.S.C. §§ 9-11). Section 9 of the FAA provides that a court *must* confirm an

arbitration award unless it is vacated, modified, or corrected as prescribed in §§ 10 and 11. Section 10 lists the "exclusive grounds" for vacating an award, while § 11 names those for modifying or correcting one. *Hall St. Assocs.*, 552 U.S. at 582.

Since Plaintiff seeks to vacate the arbitration award, at issue in this case is only § 10, which provides that:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>> (1) where the award was procured by corruption, fraud, or undue means;
>> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. Establishing that any of these four grounds is met has been described as a "high hurdle." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010).

With respect to the fourth ground in particular, which Plaintiff argues applies here, "[i]t is not enough for petitioners to show that the panel committed an error—or even a serious error. . . . 'It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable.'" *Stolt-Nielsen S.A.*, 559 U.S. at 671 (quoting *Major League Baseball Players Assn. v. Garvey*, 532 U.S. 504, 509 (2001)). In essence, this fourth ground captures instances where an arbitrator abdicates his or her prescribed duties in favor of "mak[ing] public policy." *Id.* at 672. At this stage, the Court's inquiry into the arbitration process is limited thusly. *See United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987) ("Courts [] do not sit

4

to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.");[3] *Stolt-Nielsen S.A.*, 559 U.S. at 685 ("In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution"). Stated differently, "the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). So deferential is this standard that "there must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct.*, 618 F.3d 277, 295–96 (3d Cir. 2010), *as amended* (Dec. 7, 2010) (quoting *United Transp. Union Local 1589 v. Suburban Transit Corp.,* 51 F.3d 376, 379 (3d Cir. 1995)).

B.    *Parties' Arguments*

Plaintiff argues that the Award should be vacated under 9 U.S.C. § 10(a)(4) because it rests on a wholly unsupported premise that there were two separate cellphone purchases and therefore two separate loans. According to Plaintiff, this error was (1) dispositive to the Award outcome and (2) based on a fundamental misapprehension of the undisputed record. The error was dispositive because the arbitrator's belief that a second uncanceled loan existed led her to conclude that Defendant Affirm's credit reporting was accurate and that Defendant Affirm's investigation therefore satisfied the FCRA. *See* ECF No. 34 at 2. The error was based on a fundamental

---

[3] Although in *United Paperworkers* the Supreme Court was reviewing an arbitration clause contained within a collective-bargaining agreement, to which the FAA does not apply, the Court noted that it found it appropriate to look to the FAA for guidance. *United Paperworkers Int'l Union, AFL-CIO*, 484 U.S. at 41 n.9.

misapprehension of the undisputed record because "the parties litigated – and briefed – only a single attempted purchase, a single loan application, and a single cancellation request . . ." *Id.* In other words, the two-phone premise was wholly unsupported and was not merely a debatable inference arising from conflicting evidence.

Defendant Affirm contests both prongs of Plaintiff's argument. First, Defendant Affirm argues that the arbitrator's rejection of Plaintiff's FCRA had nothing to do with the number of phones purchased and was instead based on the fact that there was no identity theft. Second, Defendant Affirm argues that the reference to two phones was derived from Plaintiff's own documents: an email exchange in which a Verizon representative advised Plaintiff that "the order for the I-Phone 14 plus was cancelled however the I-phone 14 order wasn't cancelled." ECF No. 35-2 at 115; *see* Award at 3. As to this second point, Plaintiff counters that "the arbitrator fundamentally misinterpreted this email exchange. Visible's email did not refer to two separate phone purchases but rather was the result of Visible's own system duplicating, and then reversing, one order number for one phone." ECF No. 43 at 3.

C.    *Analysis*

Here, the Court's analysis begins and ends with the fact that the arbitrator undoubtedly interpreted the record before her. *See Sutter*, 569 U.S. at 569. The Award cites to the record consistently, including when referencing the second phone. *See* Award at 3 ("[A]n email exchange . . . marked as Exhibit N in Respondent's 11/24/2025 Submission, makes clear that while one phone purchase was cancelled, a second phone was not cancelled."). Thus, the Court cannot conclude, as the Third Circuit requires before an arbitration award can be vacated, that there is "absolutely no support at all" justifying the arbitrator's determinations. *Ario*, 618 F.3d at 295–96. Even assuming Plaintiff was correct that the arbitrator fundamentally misinterpreted the email

exchange, it is beyond the purview of this Court to question the arbitrator's interpretation of the record. That is because this Court is not entitled to review the factual and legal findings of the arbitrator as an appellate court reviews decisions of lower courts. *United Paperworkers Int'l Union, AFL-CIO*, 484 U.S. at 38. By agreeing to arbitration, the parties have waived their right to the rigors of federal court review in favor of the efficiency of arbitration. Indeed, the Court need not, and does not, offer here its own assessment of the facts and their relevance to Plaintiff's FCRA claims. On these motions to vacate or confirm an arbitration award, it is dispositive that the arbitrator has not so thoroughly abdicated her duties that the Award comes closer to being an exercise in policy making than legal analysis. *See Stolt-Nielsen S.A.*, 559 U.S. at 671–72.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate the arbitration award is denied, and Defendant Affirm's motion to confirm the arbitration award is granted. An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ John Milton Younge*

**Judge John Milton Younge**

7